CORY AND SALLY HOLBERG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holberg v. Commissioner
Docket No. 2932-82.
United States Tax Court
T.C. Memo 1983-194; 1983 Tax Ct. Memo LEXIS 588; 45 T.C.M. (CCH) 1248; T.C.M. (RIA) 83194; April 11, 1983. *588 Held, P could not deduct payments for a flight training coursae that were reimbursed by the Veterans Administration. Cory Holberg and Sally Holberg, pro se. Thomas G. Norman, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: Respondent determined a deficiency of $699.80 in petitioners' 1978 Federal income taxes. Respondent has conceded that expenses incurred by Mr. Holberg in taking a flight engineer training course, which were not reimbursed by the Veterans Administration, were properly deductible in 1978. The only issue remaining for decision is whether expenses incurred by Mr. Holberg in taking a pilot training course are nondeductible to the extent of reimbursement by the Veterans Administration. All the facts have been stipulated and are found accordingly. *589 It has been stipulated that petitioners, husband and wife, resided in Houston, Texas, when they filed the petition in this case. Mr. Holberg was employed as a pilot in the U.S. Navy from January 1, 1978, to April 1, 1978, and as a civilian pilot for the remainder of 1978. During 1978 he was enrolled in and completed a training course called "Citation Pilot Program" conducted by Flight Safety International, Inc. The trial amount he paid as tuition and fees for this course was $3,465. Under 38 U.S.C. sec. 1677, the Veterans Administration paid him $3,118.50, as reimbursement for 90 percent of the amount he paid for the course. On their 1978 return, petitioners deducted the entire $3,465 as an educational expense. They also excluded from income the $3,118.50 received from the Veterans Administration. Respondent does not contest the educational nature of the flight training course, but he argues that the expenses for the course are nondeductible to the estent that they are attributable to the tax exempt income that Mr. Holberg received from the Veterans Administration. In Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th *590 Cir., September 20, 1982), we addressed this very same issue under substantially the same circumstancews and held that section 265, I.R.C. 1954, barred the deduction of flight training expenses reimbursed by the Verterans Administration. Under this provision of the Code, no deduction is allowed for any amount, otherwise allowable as a deduction, which is "allocable to" a class of income exempt from tax. In Manocchio we found that the reimbursements received from the Veterans Administration qualified as a class of exempt income and that the fundamental nexus between the reimbursement and the expense brought such expense within the "allocable to" requirement of the statute. Manocchio is dispositive of this case. Respondent was correct in disallowing 90 percent of the deduction claimed by petitioners for the flight training course. Decision will be entered under Rule 155.